IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ASTIN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:19-cv-00785 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| DOCTOR F/N/U WILKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Astin Hill, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Doctor f/n/u Wilkins and the Davidson County Sheriff's Office. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that Dr. f/n/u Wilkins examined Plaintiff two times in August of 2019 concerning a possible eye infection and foot fungus. According to the complaint, Dr. Wilkins said that Plaintiff's eye "looked fine" and he refused to give Plaintiff any medication for his eye problem. (Doc. No. 1 at 5). The complaint further alleges that Dr. Wilkins gave Plaintiff the wrong

medication for his foot fungus. Plaintiff's eye continues to bother him, and his foot fungus has not gone away. (Doc. No. 1 at 8). As relief, Plaintiff seeks an unspecified amount of compensation for his eye and foot conditions and wants to be treated at "a real hospital and not this jail." (*Id.* at 9).

V. Analysis

The complaint names two Defendants to this action: the Davidson County Sheriff's Office in its official capacity and Dr. Wilkins in his individual capacity. (Doc. No. 1 at 2).

First, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Davidson County Sheriff's Office. These claims will be dismissed.

Next, failure to provide medical care, including care for mental health conditions, may give rise to a violation of a prisoner's rights under the Eighth Amendment. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical

3

need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. That is because "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. In order to state a cognizable Eighth Amendment claim of medical mistreatment, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* In sum, generally speaking, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

For purposes of the required PLRA screening, the Court assumes that the medical conditions about which Plaintiff complains constitute sufficiently serious medical needs. *See*

4

*Rouster*, 749 F.3d at 446. However, Plaintiff's allegations concerning Dr. Wilkins's improper medical care for Plaintiff's eye problem and foot fungus reflect a dispute over the adequacy of treatment or a difference of opinion regarding diagnosis or treatment, neither of which rises to the level of an Eighth Amendment violation. *Westlake,* 537 F.3d at 860 n.5. Plaintiff acknowledges that he has received medical treatment for his eye problem and foot fungus; he just disagrees with Dr. Wilkin's diagnosis and treatment. Yet, a prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Consequently, the allegations against Dr. Wilkins in his individual capacity will be dismissed for failure to state Section 1983 claims upon which relief can be granted.

## V. Conclusion

Having screened the complaint pursuant to the PLRA, the Court finds that Plaintiff's allegations fail to state claims under Section 1983 upon which relief can be granted. This complaint will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE